UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| YAMAUCHI CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALBANY INTERNATIONAL CORP.,<br><br>　　　　　　Defendant. | Civil Action. No. 6:13-2905-JMC<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff, Yamauchi Corporation ("Yamauchi"), states and alleges as follows for its complaint against Defendant, Albany International Corp. ("Albany"):

**PARTIES**

1.　Yamauchi is a corporation organized and operating under the laws of Japan. Its headquarters are in Osaka, Japan.

2.　Upon information and belief, Albany is a corporation organized and operating under the laws of Delaware. Albany's corporate headquarters are in Rochester, New Hampshire.

**FACTUAL BACKGROUND**

3.　Yamauchi is the assignee and owner of all right, title, and interest in and to United States Patent No. 7,374,641 ("the '641 patent"), issued on May 20, 2008. A true and accurate copy of the '641 patent is attached as Exhibit A.

4.　Yamauchi is the assignee and owner of all right, title and interest in and to United States Patent No. 7,501,044 ("the '044 patent"), issued on Mar 10, 2009. A true and accurate copy of the '044 patent is attached as Exhibit B.

5.　Albany purports to be the assignee and owner of all right, title and interest in and to United States Patent No. 7,387,711 ("the '711 patent"), issued on June 17, 2008. A true and accurate copy of the '711 patent is attached hereto as Exhibit C. Albany purports to be the

assignee and owner of all right, title and interest in and to United States Patent No. 8,080,137 ("the '137 patent"), issued on Dec 20, 2011. A true and accurate copy of the '137 patent is attached hereto as Exhibit D.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over all counts under 28 U.S.C. §§ 1331, 1338, 2201 and 2202. These claims arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. Upon information and belief, Albany resides in and does business in the state of South Carolina, and its business transactions in the state of South Carolina have included sales and offers for sale of shoe press belts. Albany's acts of patent infringement, set forth below, arise out Albany's business transactions in South Carolina. In addition, Albany has asserted that its sales of shoe press belts are covered by the '711 and '137 patents. Accordingly, Albany is subject to personal jurisdiction in this Court pursuant to S.C. Code Ann. § 36-2-802 and South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803.

8. Venue is proper in this district under 28 U.S.C. §§ 139l(b) and l400(b) because a substantial part of the events or omissions giving rise to Yamauchi's claims occurred in this district, and Albany is a corporation that transacts business in this district.

9. Albany has commercially exploited the claimed inventions of the '641 and '044 patents by manufacturing, marketing, selling, and using shoe press belts.

## FIRST CAUSE OF ACTION
### (Albany's Infringement of U.S. Patent No. 7,374,641)

10. Yamauchi incorporates the allegations contained in paragraphs 1 through 9 of this complaint as though fully set forth in this paragraph.

11. The '641 patent is not invalid and not unenforceable.

12. Yamauchi has, and has had, the exclusive rights to make, use, sell, and/or offer to sell any invention embodying one or more claims of the '641 patent throughout the United

States, and to import any invention embodying one or more claims of the '641 patent into the United States.

13. Upon information and belief, Albany has been and is infringing at least claim 1 of the '641 patent by making, using, selling, importing, and/or offering to sell shoe press belts, including at least the VentaBelt and VENTABELT EV shoe press belts. Albany has committed infringing acts in this district and it will continue to infringe the '641 patent unless enjoined.

14. Yamauchi has suffered and continues to suffer irreparable damage caused by Albany's infringing acts.

15. Yamauchi has not authorized Albany to practice any claim of the '641 patent.

16. On information and belief, Albany is and has been infringing with full knowledge of the '641 patent, and its infringement has been willful and deliberate. Albany's willful and deliberate infringement without any reasonable justification makes this an exceptional case, entitling Yamauchi to treble damages and attorney fees pursuant to 35 U.S.C. § 284 and § 285.

## SECOND CAUSE OF ACTION
### (Albany's Infringement of U.S. Patent No. 7,501,044)

17. Yamauchi incorporates the allegations contained in paragraphs 1 through 9 of this complaint as though fully set forth in this paragraph.

18. The '044 patent is not invalid and not unenforceable.

19. Yamauchi has the exclusive rights to make, use, sell, and/or offer to sell any invention embodying one or more claims of the '044 patent throughout the United States, and to import any invention embodying one or more claims of the '044 patent into the United States.

20. Upon information and belief, Albany has been and is infringing at least claims 1 and 2 of the '044 patent by making, using, selling, importing, and/or offering to sell shoe press belts, including at least the VentaBelt and VENTABELT EV shoe press belts. Albany has committed infringing acts in this district and it will continue to infringe the '044 patent unless enjoined.

3

21. Yamauchi has suffered and continues to suffer irreparable damage caused by Albany's infringing acts.

22. Yamauchi has not authorized Albany to practice any claim of the '641 patent.

## THIRD CAUSE OF ACTION
### (Non-infringement of U.S. Patent No. 7,387,711)

23. Yamauchi incorporates the allegations contained in paragraphs 1 through 9 of this complaint as though fully set forth in this paragraph.

24. Because Albany has demonstrated an intent to enforce the '711 patent and the '137 patent against Yamauchi, there is a case or controversy between Albany and Yamauchi with respect to the subject matter of those patents.

25. On December 18, 2012, Albany's legal representative sent a letter to Mr. Ichiro Yamauchi, Chief Executive Officer and President of Yamauchi. A true and accurate copy of the letter is attached Exhibit E.

26. The December 18, 2012, letter asserts that Yamauchi's Yamabelt Super95 shoe press belt infringes the '711 and '137 patents.

27. The December 18, 2012 letter demanded that Yamauchi confirm in writing that it and its representatives to cease making, using, selling or offering for sale the Yamabelt product in the United States and elsewhere, and so confirm in writing on or before fifteen days of the date of the letter or January 2, 2013.

28. The December 18, 2012, letter further stated that if it did not receive the requested confirmation from Yamauchi, Albany would "consider enforcement of all of its rights and seek all available remedies in such jurisdictions as it deems fit."

29. Albany sent a copy of the December 18, 2012, letter to Yamauchi's U.S. representative, AstenJohnson, Inc., and its distributor in Europe and other regions, Heimbach GmbH Co. KG.

30. Through its attorney, Yamauchi responded to Albany by letter dated December 26, 2012. A true and accurate copy of the letter is attached as Exhibit F.

31.     By the December 26, 2012, letter, Yamauchi asserted that it did not infringe either the '711 or '137 patents, stated that it did not understand the basis of Albany's accusation, and requested that Albany provide substantiation for its accusations or withdraw them.

32.     As of the date of this Complaint, Albany neither has provided substantiation of its accusations of infringement nor has withdrawn them.

33.     On March 6, 2013, Yamauchi filed a Complaint against Albany in the Central District of California alleging infringement of the '641 and '044 patents and seeking a declaratory judgment of noninfringement, invalidity, and unenforceability of the '711 and '137 patents.  Following transfer to the Northern District of New York, that case was voluntarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

34.     On March 7, 2013, Albany filed a Complaint in the Northern District of New York against Yamauchi and AstenJohnson, Inc., alleging infringement of the '711 and '137 patents.  On October 22, 2013, that Complaint was dismissed for lack of personal jurisdiction.

35.     Yamauchi's Yamabelt shoe press belt products do not infringe any claim of the '711 patent.

## FOURTH CAUSE OF ACTION
### (Invalidity of U.S. Patent No. 7,387,711)

36.     Yamauchi incorporates the allegations contained in paragraphs 1 through 9 and 23 through 35 of this complaint as though fully set forth in this paragraph.

37.     Each claim of the '711 patent is invalid for failure to meet one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

## FIFTH CAUSE OF ACTION
### (Non-infringement of U.S. Patent No. 8,080,137)

38.     Yamauchi incorporates the allegations contained in paragraphs 1 through 9 and 23 through 35 of this complaint as though fully set forth in this paragraph.

39.     Yamauchi's Yamabelt shoe press belt products do not infringe any claim of the '137 patent.

## SIXTH COUNT OF ACTION
### (Invalidity of U.S. Patent No. 8,080,137)

40. Yamauchi incorporates the allegations contained in paragraphs 1 through 9 and 23 through 35 of this complaint as though fully set forth in this paragraph.

41. Each claim of the '137 patent is invalid for failure to meet one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Yamauchi prays that:

A. The Court adjudge and decree that United States Patent Nos. 7,374,641, and 7,501,044 are not invalid and not unenforceable against Defendant;

B. The Court adjudge and decree that Defendant has infringed United States Patent Nos. 7,374,641, and 7,501,044;

C. The Court adjudge and decree that Yamauchi's Yamabelts do not infringe any claim of U.S. Patent Nos. 7,387,711 and 8,080,137;

D. The Court adjudge and decree that each claim of U.S. Patent Nos. 7,387,711 and 8,080,137 is invalid and/or unenforceable;

E. The Court permanently enjoin Defendant from infringing United States Patent Nos. 7,374,641 and 7,501,044 pursuant to 35 U.S.C. § 283;

F. The Court order award damages sufficient to compensate Plaintiff for Defendant's past infringement of United States Patent Nos. 7,374,641 and 7,501,044, together with costs and prejudgment interest for the amount of damages determined;

G. The Court increase such damages pursuant to 35 U.S.C. § 284 up to three (3) times the amount found or assessed in view of the willful and deliberate character of Defendant's infringement;

H. The Court find that this case is "exceptional" pursuant to 35 U.S.C. §285 and award Plaintiff its reasonable attorney fees; and

I. The Court grant Plaintiff such other relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Yamauchi Corporation, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

s/ Wallace K. Lightsey
Wallace K. Lightsey (D.S.C. Id. No. 1037)
Meliah Bowers Jefferson (D.S.C. Id. No. 10018)
WYCHE, P.A.
44 East Camperdown Way
Greenville, S.C. 29601
Telephone:   864-242-8200
Telecopier:   864-235-8900
E-Mail:        wlightsey@wyche.com
                    mjefferson@wyche.com

Of Counsel:
James E. Hopenfeld
HOPENFELD SINGER RICE & SAITO LLP
2200 Pennsylvania Ave. N.W., 4th Floor
Washington, D.C. 20037
Telephone:   202-656-5097
Email:          jeh@hsrslaw.com

Dated:  October 23, 2013          *Attorneys for Plaintiff Yamauchi Corporation*